UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PHILLIP R. SMALLEY,<br><br>                  Plaintiff,<br><br>vs.<br><br>SPIRIT LAKE POLICE DEPARTMENT and SERGEANT JEREMY McMILLEN,<br><br>                  Defendants. | Case No. 3:18-cv-00181-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

The Court issued an Initial Review Order in this Action requiring Plaintiff Phillip R. Smalley to file an amended complaint to clarify his causes of action and correct deficiencies. (Dkt. 9.) Plaintiff was provided with the standards of law needed to file an amendment. (*Id*.) The Court has reviewed Plaintiff's Amended Complaint to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A.

Having reviewed the record, the Court enters the following Order dismissing this case with prejudice for failure to state a claim upon which relief can be granted.

## REVIEW OF AMENDED COMPLAINT

Plaintiff's claims arise from criminal charges that were brought against him when he worked at an assisted living facility in Spirit Lake, Idaho. He originally was charged with two *felony* counts of sexual abuse and exploitation of a vulnerable adult regarding

victim D.H. On October 1, 2015, the state magistrate judge presiding over the case dismissed the charges for lack of probable cause. At some point in time, which Plaintiff has not identified, D.H. passed away. On November 10, 2015, Defendant Sergeant Jeremy McMillen filed a new complaint and obtained a warrant for Plaintiff's arrest on *misdemeanor* charges of abuse and neglect of a vulnerable adult regarding the same alleged incidents involving D.H. Plaintiff proceeded to trial on the charges and was acquitted on April 27, 2016.[1]

Plaintiff asserts that Sergeant McMillen violated his Fourth Amendment rights by filing the second criminal complaint. A claim under § 1983 for false arrest or false imprisonment is grounded in the Fourth Amendment guarantee against unreasonable seizure. *Dubner v. City and County of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). To maintain false arrest claims under § 1983, a plaintiff must show that the arresting officer lacked probable cause to make the arrest. *Id*. at 965. "Probable cause exists when, under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime." *Id*. at 966 (citing *United States v. Garza*, 980 F.2d 546, 550 (9th Cir. 1992)).

Plaintiff seems to be asserting that Sergeant McMillen did not have probable cause to file the *misdemeanor* complaint on the same factual allegations simply because the

---

[1] Plaintiff was contemporaneously charged with and convicted of two other counts involving a different patient at the same assisted living center. See Kootenai County District Court Cases CR 2015-13598 and CR2015-13598. He is now serving his sentences on those convictions.

*felony* charges were dismissed for lack of probable cause. Because not all of the elements of each cause of action are the same, Plaintiff's allegations do not support a claim that Sergeant McMillen acted without probable cause on the second complaint. A felony charge requires that the circumstances of the crime be such that they are "likely to produce great bodily harm or death," and a misdemeanor charge involves circumstances "other than those likely to produce great bodily harm or death." Idaho Code § 18-1505(1)&(2).

Moreover, on November 5, 2015, Plaintiff was arraigned and had his first appearance.[2] He entered a "not guilty" plea. Idaho Criminal Rule 5(c) provides that "[a]t or before the first appearance of a defendant who is arrested without a warrant or appears pursuant to a summons, the magistrate must determine there is probable cause as defined in Rule 4(a) before the defendant is retained, ordered into custody or required to post bond." Plaintiff has not alleged that the magistrate judge failed to find probable cause on that date. Plaintiff would not have had to enter a plea or proceed to trial had there been no finding of probable cause.

Without additional facts showing why Plaintiff believes there was no probable cause for the misdemeanor charge, the current allegations are "merely consistent with ... defendant's liability," but do not amount to a claim for relief that is plausible on the face of the pleading. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (punctuation altered).

---

[2] The Court takes judicial notice of the register of actions in Plaintiff's state criminal case, CR-2015-17901. *See* https://mycourts.idaho.gov/odysseyportal/Home/WorkspaceMode?p=0.

Therefore, Plaintiff cannot proceed on a Fourth Amendment claim. For the same reasons, he also has not stated a plausible Fourteenth Amendment due process claim. Rather, the record makes it clear that he received the process that he was due with his probable cause hearing.

Plaintiff further asserts that he was deprived of the Sixth Amendment right to confront D.H. on the allegations, because she had passed away. Plaintiff's reasoning is fallacious. If a victim had to be alive in order for a criminal case to proceed, it would be impossible for any homicide case to be prosecuted. Plaintiff has no facts supporting a Sixth Amendment Confrontation Clause claim, and it is subject to dismissal.

Plaintiff also sues the Spirit Lake Police Department. Plaintiff alleges that Sergeant McMillen committed the violations "while executing an official policy or unofficial custom." (Dkt. 18, p. 6.) However, Plaintiff provides no facts to show which policy or custom was involved, or how it caused Sergeant McMillen to wrongfully file the second complaint.

Plaintiff was provided with the required elements to state a claim against a municipality in the Initial Review Order. However, his Amended Complaint contains no facts supporting a Fourth, Sixth, or Fourteenth Amendment claim against the police department. He includes only a bare recitation of the legal standard for a policy-based claim. Under *Iqbal*, that is not enough. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 556 U.S. at 678.

Accordingly, the Court concludes that Plaintiff has not remedied the deficiencies in his pleadings as to any claim or any defendant. Further opportunities for amendment

would be futile because Plaintiff has been provided with the necessary legal standards of law and has had nearly four years to develop the facts supporting his claims. This entire action is subject to dismissal with prejudice.

## ORDER

**IT IS ORDERED** that the Amended Complaint (Dkt. 18) and this entire action are DISMISSED with prejudice.

DATED: March 11, 2020

B. Lynn Winmill
U.S. District Court Judge